UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
PETER CABAN,

                                          Plaintiff,

                      -against-

RUSSELL GELLIS and RKG LOGISTICS, LLC,

                                    Defendants.
-------------------------------------------------------------------------X

Civil Action No.:
1:22-CV-6610

**COMPLAINT**

Jury Trial Demanded

Plaintiff, PETER CABAN, by his attorneys, THE GEWIRTZ LAW FIRM, LLC, complaining of the defendants, RUSSELL GELLIS and RKG LOGISTICS, LLC, respectfully alleges, upon information and belief, as follows:

**THE PARTIES**

1.     At all times hereinafter mentioned, plaintiff, PETER CABAN, is a resident of the County of Richmond, City and State of New York.

2.     At all times hereinafter mentioned, defendant, RUSSELL GELLIS, was and still is a resident of the City of Port Reading in Woodbridge Township, County of Middlesex and State of New Jersey.

3.     At all times hereinafter mentioned, defendant, RKG LOGISTICS, LLC, was and still is a business entity organized and existing under the laws of the New Jersey.

4.     At all times hereinafter mentioned, defendant, RKG LOGISTICS, LLC, was and still is a corporation organized and existing under the laws of the New Jersey.

5.     At all times hereinafter mentioned, defendant, RKG LOGISTICS, LLC, was and still is a limited liability company organized and existing under the laws of the State of New Jersey.

6.     At all times hereinafter mentioned, defendant, RKG LOGISTICS, LLC, was and still is a partnership organized and existing under the laws of the State of New Jersey.

7.     At all times hereinafter mentioned, defendant, RKG LOGISTICS, LLC, was and still is a sole proprietorship organized and existing under the laws of the State of New Jersey.

## JURISDICTION AND VENUE

8.     This Court has jurisdiction over this matter pursuant to 29 U.S.C. §1332, as there is complete diversity of citizenship between the plaintiff, who is currently a New York State resident, and the defendants herein, who are, for jurisdictional purposes, citizens of the State of New Jersey, and the amount in controversy exceeds $75,000.

9.     Venue is properly placed in the United States District Court for the Eastern District of New York since the plaintiff resides in this district and plaintiff's treating physicians maintain offices in this district.

## FACTS

10. Upon information and belief, on or about June 21, 2022, the New Jersey Turnpike Outer Roadway at or near milepost 101.3 in the City of Elizabeth, County of Union in the State of New Jersey was and still is a public roadway.

11. Upon information and belief, on or about June 21, 2022, defendant, RKG LOGISTICS, LLC, owned a motor vehicle bearing State of New Jersey license plate number XMAL64.

12. Upon information and belief, on or about June 21, 2022, defendant, RKG LOGISTICS, LLC, was the lessor of a motor vehicle bearing State of New Jersey license plate number XMAL64.

13. Upon information and belief, on or about June 21, 2022, defendant, RKG LOGISTICS, LLC, was the lessee of a motor vehicle bearing State of New Jersey license plate number XMAL64.

14. Upon information and belief, on or about June 21, 2022, defendant, RKG LOGISTICS, LLC, operated the motor vehicle bearing State of New Jersey license plate number XMAL64.

15. Upon information and belief, on or about June 21, 2022, defendant, RKG LOGISTICS, LLC, maintained the motor vehicle bearing State of New Jersey license plate number XMAL64.

16. Upon information and belief, on or about June 21, 2022, defendant, RKG LOGISTICS, LLC, managed the motor vehicle bearing State of New Jersey license plate number XMAL64.

17.     Upon information and belief, on or about June 21, 2022, defendant, RKG LOGISTICS, LLC, controlled the motor vehicle bearing State of New Jersey license plate number XMAL64.

18.     Upon information and belief, on or about June 21, 2022, defendant, RUSSELL GELLIS, owned a motor vehicle bearing State of New Jersey license plate number XMAL64.

19.     Upon information and belief, on or about June 21, 2022, defendant, RUSSELL GELLIS, was the lessor of a motor vehicle bearing State of New Jersey license plate number XMAL64.

20.     Upon information and belief, on or about June 21, 2022, defendant, RUSSELL GELLIS, was the lessee of a motor vehicle bearing State of New Jersey license plate number XMAL64.

21.     Upon information and belief, on or about June 21, 2022, defendant, RUSSELL GELLIS, operated a motor vehicle bearing State of New Jersey license plate number XMAL64.

22.     Upon information and belief, on or about June 21, 2022, defendant, RUSSELL GELLIS, maintained a motor vehicle bearing State of New Jersey license plate number XMAL64.

23.     Upon information and belief, on or about June 21, 2022, defendant, RUSSELL GELLIS, managed a motor vehicle bearing State of New Jersey license plate number XMAL64.

24.     Upon information and belief, on or about June 21, 2022, defendant, RUSSELL GELLIS, controlled a motor vehicle bearing State of New Jersey license plate number XMAL64.

25.     Upon information and belief, on or about June 21, 2022, defendant, RUSSELL GELLIS, was an employee of defendant, RKG LOGISTICS, LLC.

26.     Upon information and belief, on or about June 21, 2022, defendant, RUSSELL GELLIS, operated a motor vehicle bearing State of New Jersey license plate number XMAL64 in the course of his employment with defendant, RKG LOGISTICS, LLC.

27.     Upon information and belief, on or about June 21, 2022, defendant, RUSSELL GELLIS, operated a motor vehicle bearing State of New Jersey license plate number XMAL64 at the direction of defendant, RKG LOGISTICS, LLC.

28.     Upon information and belief, on or about June 21, 2022, defendant, RUSSELL GELLIS, operated a motor vehicle bearing State of New Jersey license plate number XMAL64 with the permission of defendant, RKG LOGISTICS, LLC.

29.     Upon information and belief, on or about June 21, 2022, defendant, RUSSELL GELLIS, operated a motor vehicle bearing State of New Jersey license plate number XMAL64 with the knowledge of defendant, RKG LOGISTICS, LLC.

30.     Upon information and belief, on or about June 21, 2022, defendant, RUSSELL GELLIS, operated a motor vehicle bearing State of New Jersey license plate number XMAL64 with the consent of defendant, RKG LOGISTICS, LLC.

31.     Upon information and belief, on June 21, 2022, plaintiff, PETER CABAN, was operating a motor vehicle bearing State of New York license plate number 17301PF on the New Jersey Turnpike Outer Roadway at or near milepost 101.3 in the City of Elizabeth, County of Union in the State of New Jersey.

32.     Upon information and belief, on June 21, 2022, defendant, RUSSELL GELLIS, operated a motor vehicle bearing State of New Jersey license plate number XMAL64 on the New Jersey Turnpike Outer Roadway at or near milepost 101.3 in the City of Elizabeth, County of Union in the State of New Jersey.

33. On June 21, 2022, at approximately 7:53 a.m., while plaintiff, PETER CABAN, was legally and rightfully operating a motor vehicle on the New Jersey Turnpike Outer Roadway at or near milepost 101.3 in the City of Elizabeth, County of Union in the State of New Jersey, the vehicle operated by defendant, RUSSELL GELLIS, struck the plaintiff's vehicle.

34. On June 21, 2022, at approximately 7:53 a.m., while plaintiff, PETER CABAN, was legally and rightfully operating a motor vehicle on the New Jersey Turnpike Outer Roadway at or near milepost 101.3 in the City of Elizabeth, County of Union in the State of New Jersey, the vehicle operated by defendant, RUSSELL GELLIS, came into contact with the plaintiff's vehicle.

35. The aforesaid occurrence was caused wholly and solely by reason of the negligence, carelessness and negligence of the defendants, RUSSELL GELLIS and RKG LOGISTICS, LLC, in the following ways: in operating the aforementioned motor vehicle at an excessive rate of speed, or at a greater rate of speed than care and caution would permit under the circumstances then and there existing; in failing and omitting to apply and/or make prompt and timely use of adequate and efficient brakes and steering mechanisms; in failing to maintain braking, steering, lighting, horn and other systems and/or mechanisms of the aforementioned motor vehicle in such a condition as to render them useful for the purpose for which they were intended; in failing to slow down, take evasive action and precaution to prevent the collision; in driving and operating the aforementioned motor vehicle without keeping a lookout ahead, and without observing and heeding the road and traffic conditions then and there existing; in operating the aforementioned motor vehicle in a manner contrary to and in violation of the Vehicle and Traffic Laws of the State of New York; and in failing to obey traffic signs, signals, and/or devices; in operating the aforementioned motor vehicle in such a manner that it contacted

the plaintiff's vehicle; in entrusting the aforementioned motor vehicle to a reckless driver and allowing said driver to operate the motor vehicle in such a manner that it struck the plaintiff's vehicle.

36.     That by reason of the foregoing, the plaintiff, PETER CABAN, suffered injuries in and about his neck, back, head, and limbs, suffered shock to his nerves and nervous system, accompanied by great physical pain and mental anguish; had been confined to bed and home and was unable to attend to his usual duties; has been compelled to seek medical aid and attention and spend large sums of money therefore, and will be so compelled in the future, and upon information and belief the plaintiff has been permanently injured.

37.     That plaintiff, PETER CABAN, sustained serious injuries as defined by §5102(d) of the Insurance Law of the State of New York.

38.     Plaintiff, PETER CABAN, sustained serious injuries and economic loss greater than basic economic loss as defined by §5104 of the Insurance Law of the State of New York.

39.     That plaintiff, PETER CABAN, is not seeking to recover any damages for which the plaintiff has been reimbursed by no-fault insurance and/or for which no-fault insurance is obligated to reimburse plaintiff.  Plaintiff is seeking to recover only those damages not recoverable through no-fault insurance under the facts and circumstances herein.

40.     That this action falls within one or more of the exceptions set forth in CPLR §1602.

41.     That by reason of the foregoing, plaintiff, PETER CABAN, has been damaged in an amount exceeding the sum of $75,000.00.

WHEREFORE, plaintiff, PETER CABAN, demands judgment against the defendants,

RUSSELL GELLIS and RKG LOGISTICS, LLC, for a sum of which exceeds the sum of

$75,000.00, together with the costs and disbursements of this action.

Dated: Woodbury, New York
       October 31, 2022

By: _____
      EVAN GEWIRTZ, ESQ.
THE GEWIRTZ LAW FIRM, LLC
*Attorneys for Plaintiff*
144 Woodbury Road, Suite 16
Woodbury, New York 11797
(516) 829-1600

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

PETER CABAN,

Civil Action No.:
1:22-CV-6610

Plaintiff,

**ATTORNEY'S
VERIFICATION**

-against-

RUSSELL GELLIS and RKG LOGISTICS, LLC,

Jury Trial Demanded

Defendants.

------------------------------------------------------------------------x

STATE OF NEW YORK      )
                       )   ss:
COUNTY OF NASSAU       )

I, undersigned, am an attorney admitted to practice in the courts of New York State, and say that:

I am the attorney-of-record or of counsel with the attorney(s) of record, for the plaintiff in the above-captioned action. I have read the annexed Complaint and know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief. As to those matters, I believe them to be true. My belief, as to those matters therein not stated upon knowledge is based upon the following:

Interviews and/or discussions with the plaintiff and papers and/or documents in the file.

The reason I make this affirmation instead of the plaintiff is because said plaintiff resides outside of the county/state from where your deponent maintains his office for the practice of law.

Dated: Woodbury, New York
       October 31, 2022

_____
Evan Gewirtz, Esq. (EG9695)